```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES A. MOSLOW

                    Plaintiff,            1:16-cv-00198-MAT
          -v-                             **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                    Defendant.
_____
```

**INTRODUCTION**

James A. Moslow ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") denying his application for Disability Insurance Benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied, and Defendant's motion is granted.

**PROCEDURAL BACKGROUND**

On September 14, 2012, Plaintiff protectively filed an application for DIB, alleging disability as of June 24, 2011, due to degenerative disc disease, back pain, depression, and anxiety. Administrative Transcript ("T.") 103-04. The claim was initially denied on December 11, 2012. T. 68-69. At Plaintiff's request, a hearing was conducted on January 31, 2014, in Buffalo, New York by

administrative law judge ("ALJ") Donald T. McDougall. Plaintiff appeared with his attorney and testified. A vocational expert ("VE") also testified. T. 51-102. The ALJ issued an unfavorable decision on April 14, 2014. T. 17-35. Plaintiff appealed the decision to the Appeals Council ("AC"), which denied Plaintiff's request for review on February 17, 2016, making the ALJ's decision the final decision of the Commissioner. T. 1-5. This action followed.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2014. T. 22.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 24, 2011, the alleged onset date. *Id*.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: degenerative disc disease of the lumbar spine, depressive disorder, and anxiety disorder. *Id*. The ALJ also noted Plaintiff's recent fracture of the right shoulder was not expected to last at a "severe" level for a continuous period of twelve months and thus was non-severe. *Id*.

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the

2

severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 23. The ALJ specifically considered Listings 1.04 (Disorders of the Spine), 12.04 (Affective Disorders), and 12.06 (Anxiety-Related Disorders).

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations: no detailed or complex instructions; no more than frequent bending; and must be able to change positions from sitting to standing and vice versa at least every thirty minutes. T. 24.

At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work as an assembler of heat exchanges, warehouse worker, or driver of food supplies. T. 29. At step five, the ALJ relied on the VE's testimony to find that there are jobs existing in the national economy Plaintiff is able to perform, including the representative occupations of file clerk; security guard; assembly, small products; and ball fringe machine operator. T. 30. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. *Id*.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also*

3

*Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ failed to properly evaluate his credibility, and (2) the ALJ's step five finding that Plaintiff could perform work that exists in significant numbers in the national economy is not supported by substantial evidence. Specifically, Plaintiff contends the ALJ improperly relied on the VE's testimony regarding Plaintiff's past relevant work that was inconsistent with the evidence of record. For the reasons set forth below, the Court

4

finds Plaintiff's arguments without merit and affirms the Commissioner's final determination.

## I. The ALJ's Credibility Finding

Plaintiff first argues that the ALJ failed to properly assess his credibility. However, Plaintiff failed to develop this argument because he recited only the applicable standard for credibility analysis, stated that the objective medical evidence of record shows there is an underlying condition producing Plaintiff's pain, and then repeated the ALJ's determination. *See* Plaintiff's Memorandum of Law ("Pl.'s Mem.") at 17-18.

Issues that are not sufficiently argued in a plaintiff's briefs are considered waived. *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.") (internal citation omitted). Here, Plaintiff has failed to assert any specific error the ALJ made in his evaluation of Plaintiff's credibility and has therefore waived any such argument. *See DeFreece v. Colvin*, No. 12 Civ. 4641(JMF), 2013 WL 4028154, at *8, n.6 (S.D.N.Y. Aug. 8, 2013) ("Plaintiff fails to argue that the ALJ erred in not expressly considering the factors set forth in 20 C.F.R. § 404.1529(c)(3) when weighing his credibility, and therefore waived any such argument." (citing *Poupore*, 566 F.3 at 306). Accordingly, the Court finds the credibility argument waived.

## II. The ALJ's Step Five Finding is Supported by Substantial Evidence

Plaintiff also argues the ALJ failed to support his step five finding that there is work in significant numbers in the national economy that Plaintiff could perform. In particular, Plaintiff contends that (1) the VE's testimony regarding his past relevant work was inconsistent with the evidence of record; (2) the ALJ improperly relied on the VE's testimony that Plaintiff had transferable skills; and (3) the ALJ improperly relied on the VE's testimony that was inconsistent with the hypothetical provided by the ALJ that included a sit/stand option. For the reasons set forth below, the Court finds that the ALJ's step five finding is supported by substantial evidence.

Once a claimant has demonstrated at step four that he or she is unable to perform his or her past work, the burden shifts to the Commissioner to prove that there are other jobs that the claimant is capable of performing. *Rosa v. Callahan*, 168 F.2d at 77. The Commissioner can meet this burden with the testimony of a VE or other similar evidence. *Id*. at 78. The VE may rely on information obtained through government and other publications, including the Dictionary of Occupational Titles ("DOT"). *See* 20 C.F.R. § 404.1566(d). However, if there is an apparent unresolved conflict between the VE's testimony and the DOT, neither the VE's testimony nor the DOT automatically "trumps" the other. Social Security Ruling ("SSR") 00-4P, 2000 WL 1898704, at *2 (S.S.A. Dec. 4, 2000).

Instead, the ALJ must elicit a reasonable explanation for the conflict before relying on the VE's testimony to support the step five determination. *Id*.

### A. The ALJ's Reliance on Possibly Inconsistent Transferable Skills Was Harmless Error

Plaintiff contends it was error for the ALJ to rely on the VE's testimony regarding Plaintiff's past relevant work and transferable skills. The Court agrees. However, for the reasons set forth below, the Court finds these errors were harmless.

At the hearing, Plaintiff testified his last job was as an assembler of heat exchanges and that he was in that role for approximately thirteen months. T. 69. He testified it took him approximately one and a half months to learn the position and have confidence in what he was doing. T. 90. The VE testified that Plaintiff's previous work as an assembler of heat exchanges was a skilled position with a specific vocational preparation of seven ("SVP7")[1]. T. 88. Plaintiff's attorney asked the VE why she thought the DOT's job description of assembler, heat exchange (SVP7) matched the job Plaintiff described in his testimony, noting that Plaintiff stated he was able to learn the job in a month and a half and had no prior training or experience in that field. T. 99. The

---

[1] The Social Security Administration ("SSA") uses the SVP rating as a guideline for determining how long it would take a claimant to achieve average performance in a job. According to the SSA, an SVP7 job takes over 2 years, and up to and including 4 years, to learn the skills of the job. *See Social Security Program Operations Manual System (POMS)*, https://secure.ssa.gov/poms.nsf/lnx/0425001001, last accessed April 1, 2019.

VE reasoned that Plaintiff had a high school education, experiences in various jobs as a driver, experience working with machines, and that he may just be a quick learner. *Id*.

Plaintiff also testified he had worked as a truck driver and warehouse laborer. T. 75. Plaintiff further testified that he had never held an office job and that he did not know how to use a computer. T. 80. The VE testified Plaintiff's past work as a driver for a food supplier was semi-skilled work, SVP3. T. 89. She further testified the paperwork Plaintiff would have been required to do when working as a delivery driver was transferable and supported the job requirements of a file clerk. T. 91-92. Plaintiff's attorney questioned the VE on how many file clerk positions the VE had observed that did not require basic computer skills, as Plaintiff had testified he did not know how to operate a computer. The VE stated that she had observed many file clerk positions in the last twelve months in a variety of different office settings, including offices in the state, federal, and private sector, and that this was the basis of her opinion. However, the VE failed to definitively state she had observed actual file clerk positions that were able to be performed with no basic computer skills. The ALJ did not attempt to elicit a more thorough explanation. T. 97-99.

The Court finds that the ALJ failed to resolve an apparent conflict in the VE's testimony before relying on the testimony that Plaintiff was capable of performing the semi-skilled job of file

8

clerk. This was error. *See* SSR 00-4P at *2. However, because the VE also provided the ALJ with the unskilled job of assembler of small parts that Plaintiff was capable of performing with his given RFC finding, that error was harmless. *See Sanchez v. Berryhill*, 336 F. Supp.3d 174, 179 (W.D.N.Y. 2018) (ALJ's failure to limit plaintiff to unskilled work in the RFC finding was harmless error because the VE identified unskilled jobs). The Commissioner meets her burden at the fifth step by identifying even a single job that exists in significant numbers in the national economy that the claimant can perform. *See Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983) (affirming step five determination based on evidence of only one job); *Gray v. Colvin*, No. 12-CV-6485L, 2014 WL 4146880, at *5-6 (W.D.N.Y. Aug. 19, 2014) ("[C]ourts have repeatedly held that where [the VE identifies one job as] the sole position a claimant can perform, the Commissioner's step 5 burden to show that the claimant could perform work existing in significant numbers has been satisfied.") (citing *Daniels v. Astrue*, No. 10 Civ. 6510(RWS), 2012 WL 1415322 at *17 (S.D.N.Y. April 18, 2012)); *see also Renna v. Barnhart*, No. 02-CV-765(FB), 2007 WL 602395, at *5 (E.D.N.Y. Feb. 21, 2007) ("While the Court is mindful and troubled that the ALJ's step-five determination is supported by evidence of a single job, the Social Security Act affords benefits only to those who cannot engage in *any* other kind of substantial gainful work which exists in the national economy.") (citing 42 U.S.C. § 423(d)(2)(A)) (emphasis in original; internal quotation marks omitted). Here, the

9

VE testified, and the ALJ found, that Plaintiff was capable of performing the unskilled job of small products assembler, of which the VE testified there were 218,740 jobs in the national economy. T. 30, 93. Unskilled work requires little or no judgment and came be learned on the job in a short period of time. 20 C.F.R. § 404.1568(a). Transferable skills are only used to meet the requirements of semi-skilled or skilled work. 20 C.F.R. § 404.1568(d)(1) ("We consider you to have skills that can be used in other jobs, when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work."). Accordingly, the Court finds that any error the ALJ made relying on the VE's testimony regarding Plaintiff's transferable skills was harmless because no transferable skills were needed to meet the requirements of the unskilled job the VE named and thus remand is not warranted on this basis.

### B. The Sit/Stand Option in the Hypothetical and RFC Finding Does Not Create a Conflict

Plaintiff further argues that the jobs the VE provided at the hearing conflict with the sit/stand option the ALJ included in the hypothetical and RFC finding. For the reasons set forth below, the Court finds there is no conflict.

At the hearing, the ALJ presented a hypothetical to the VE that included an option to alternate between sitting and standing at thirty-minute intervals. T. 91. The VE testified that the hypothetical individual the ALJ referenced would be able to work as

10

a file clerk, light level of exertion, semi-skilled, SVP3; security guard, light level of exertion, semi-skilled, SVP3; ball fringe operator, light level of exertion, semi-skilled, SVP3; and assembler of small products, light level of exertion, unskilled, SVP2. T. 92-95. As far as the impact of the sit/stand option on these particular jobs, the VE noted that the DOT is silent regarding the sit/stand option and that she was basing her testimony on her knowledge and observation of how the jobs she named are performed. T. 100.

Plaintiff argues the VE's testimony conflicts with the DOT's definition of light work and as a result, the ALJ was obligated to resolve the conflict before relying on the testimony. Specifically, Plaintiff notes that the DOT states that a job should be rated light work

> (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

*Dictionary of Occupational Titles* (4th ed., Rev. 1991), Appendix C, IV. Plaintiff contends that, based on the individual job descriptions provided by the DOT, all of the jobs the VE named fall under the category of light work because they require walking or standing to a significant degree. Plaintiff further argues that the VE's "testimony that these jobs can be performed sitting for half

11

the day and standing and walking for half the day is in direct conflict with the DOT. . . ." Pl.'s Mem. at 28. In other words, Plaintiff argues the finding that Plaintiff can only walk or stand for four hours out of the day conflicts with the requirements of "walking or standing to a significant degree." Accordingly, Plaintiff argues it was error for the ALJ to rely on the VE's testimony, which he contends is inconsistent with the DOT's definition of light work, without first eliciting a reasonable explanation from the VE to resolve the conflict. *See* SSR 00-4P, 2000 WL 1898704 at *2. However, the Court finds that neither the ALJ's RFC finding nor the VE's testimony specifies that the sit/stand option equates to Plaintiff sitting for a total of four hours and walking or standing for a total of four hours, as Plaintiff suggests.

The RFC finding states that Plaintiff "should be able to change positions from sitting to standing and vice versa at least every [half] hour." T. 24. At the hearing, the ALJ's hypothetical included that "the person should be able to change position from sitting to standing or vice versa at least every half hour." T. 91. The ALJ did not indicate in either the hypothetical or the RFC finding that Plaintiff must sit for thirty minutes, then stand or walk for thirty minutes, then sit again for thirty minutes, and so on. Instead, the ALJ afforded Plaintiff the option to stand up or walk around if he had been sitting for half an hour or sit down if he had been standing or walking for half an hour. The way that the

12

sit/stand option is worded does not necessarily translate into four hours of sitting and four hours of standing or walking. Thus, there is no apparent conflict between the VE's testimony and the DOT's definition of light work, and the ALJ was not required to elicit further testimony from the VE.

Furthermore, the VE testified that the DOT is silent regarding sit/stand options. Courts in this district have repeatedly found that when the DOT is silent on an issue, no actual conflict exists between the VE testimony and the DOT. *See Murray v. Colvin*, No. 15-CV-6384P, 2016 WL 5335545, at *13 (W.D.N.Y. Sept. 23, 2016) (ALJ was not required to further examine the VE's testimony regarding a leg elevation option because no actual conflict existed between the VE's testimony and the DOT); *Pitts v. Colvin*, No. 14-CV-317S, 2015 WL 3823781, at *6 (W.D.N.Y. June 19, 2015) (there was no conflict between the VE's testimony and the DOT "because the DOT job description does not address the availability of a sit/stand option"); *Pahl v. Colvin*, No. 12-CV-3168, 2013 WL 3761545, at *6 (W.D.N.Y. July 16, 2013) ("it is not error for the ALJ to rely on the VE's testimony of a sit/stand option so long as there is no actual conflict between the VE's testimony and the ... DOT[;] [n]o such conflict existed here because the DOT does not address the availability of a sit/stand option") (internal quotations omitted). Because the DOT is silent on the sit/stand option, the Court finds there was no conflict between the DOT description of light work and the VE's testimony that the jobs she named would be compatible with

a sit/stand option. Accordingly, the Court finds remand on this basis is not warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 13) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 22) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:  April 4, 2019
        Rochester, New York